IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ORLANDO KELTY** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 16-0306 |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                 June 10, 2016

Orlando Kelty, currently residing at the Philadelphia Industrial Correctional Center, brings this complaint against the City of Philadelphia, various prison officials,[1] and two correctional officers,[2] alleging violations of his First, Fourth, and Fourteenth Amendment rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. He brings these claims against the defendants in their official and individual capacities. The City of Philadelphia, Louis Giorla, Karen Bryant, and Gerald May filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, I will grant the motion in its entirety.

## I. BACKGROUND

In his complaint, Mr. Kelty alleges that during the evening of February 13, 2015, Defendant Frederick Robinson opened the food slot of Mr. Kelty's cell and, without

---

[1] The complaint names the following prison officials as defendants: Defendant Louis Giorla, the Commissioner of the Philadelphia Prison System; Defendant Karen Bryant, and Defendant Gerald May, both wardens at the Philadelphia Industrial Correctional Center.

[2] The correctional officer defendants are named as Officer Morman and Officer Fredrick Robinson.

reason, reached his hand in and pepper-sprayed Mr. Kelty in the face causing him excruciating pain and discomfort.  See Compl. ¶ 7.  Mr. Kelty claims that he was left in his cell without medical attention for the remainder of the evening until correctional officers from the following shift escorted him to medical triage for treatment.  Id. at ¶¶ 8-9.  Mr. Kelty also claims that he filed a grievance following the incident, but the prison personnel ignored the grievance.  Id. at ¶ 10.

The complaint further alleges that at some point Mr. Kelty had informed Defendant Officer Morman that Mr. Kelty's life was in danger and that he needed to be moved to another housing unit.  On December 28, 2015, again in the evening, Mr. Kelty was repeatedly stabbed by several inmates.  Id. at ¶ 11.  Mr. Kelty claims that Officer Morman "failed to diligently protect" him, even after being informed that Mr. Kelty's life was in danger.  Id. at ¶ 12.  Mr. Kelty was taken to an off-site hospital for treatment of his wounds, and upon returning to the prison, was placed in protective custody.  Id. at ¶ 13.  Defendant Robinson was the officer assigned to the protective custody housing unit at the time.  Id. at ¶ 15.

Mr. Kelty "filed a grievance giving [Defendant Gerald May] notice of the issues, but [Mr. May] condoned and turned a blind-eye to how [Officer Morman] deprived [Mr. Kelty] of safety and caused him to be stabbed in the head multiple times."  Id. at ¶ 14.  The complaint finally alleges that while Mr. Kelty was in protective custody following his release from the hospital, Defendant Robinson discarded Mr. Kelty's personal property, including his cosmetics, food, bed sheets, and wash cloth in retaliation for Mr. Kelty having filed a grievance against him.  Id. ¶ 15-16.

Mr. Kelty seeks compensatory damages in the amount of $150,000; punitive damages in the amount of $250,000; and reasonable court costs and legal fees.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleading standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to allege facts sufficient to show that the plaintiff has a plausible claim for relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

While Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . .claim is and the grounds upon which it rests," Bell Atlantic, 550 U.S. 544, the plaintiff must provide "more than labels and conclusions." Byrne v. Cleveland Clinic, 684 F. Supp. 2d 641, 649 (E.D. Pa. 2010)(citing Bell Atlantic, 550 U.S. 544). A facially plausible claim may not be supported by conclusory allegations, but must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

However, a *pro se* complaint must be liberally construed and held to a less stringent standard than formal pleadings. Estelle v. Gamble, 429 U.S. 97, 107 (1976). A *pro se* action "can only be dismissed for failure to state a claim if it appears 'beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Jubilee v. Horn, 959 F. Supp. 276, 279 (E.D. Pa. 1997) (quoting Estelle, 429 U.S. at 107).

## III. DISCUSSION

Mr. Kelty alleges that the defendants violated his First, Fourth, and Fourteenth Amendment rights, and his rights under the Pennsylvania Constitution. Specifically, he brings claims of "failure-to-protect," due process, equal protection, supervisory liability, municipality liability, negligence, and corporate negligence, all pursuant to 42 U.S.C. §§ 1983, 1985, and 1986.

### A. Section 1983 Claim

Mr. Kelty's claims of constitutional violations against the moving defendants are brought pursuant to 42 U.S.C. § 1983, which authorizes redress for violations of constitutional rights and provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. By its terms, Section 1983 does not create a substantive right; it merely provides a method for vindicating federal rights conferred by the United States Constitution and the federal statutes that it describes. Baker v. McCollan, 443 U.S. 137 (1979). In order to establish a claim under Section 1983, a plaintiff must demonstrate (1)

4

a violation of a right secured by the Constitution and the laws of the United States and that (2) the alleged deprivation was committed by a person acting under color of state law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40 (1999).

    1. The City of Philadelphia

Mr. Kelty attempts to plead a § 1983 Monell claim against the City of Philadelphia based on the two incidents of correctional officers' conduct alleged in the complaint. Municipal liability under 42 U.S.C. § 1983, however, cannot be based on the "*respondeat superior* doctrine, but must be founded upon evidence that the government unit itself supported a violation of constitutional rights." Patterson v. City of Phila., No. 08-2140, 2009 U.S. Dist. LEXIS 31967, at *27 (E.D. Pa. April 14, 2009). In Monell v. New York City Department of Social Services, the Supreme Court held that "municipalities and other local governmental bodies are 'persons' within the meaning of § 1983." Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dept. of Social Servs., 436 U.S. 658, at 689 (1978)). Nonetheless, a municipality or governmental organization may not be held liable "solely because it employs a tortfeasor." Id. In other words, § 1983 does not allow a party to plead liability under the doctrine of *respondeat superior*. Instead, the complaint must contain allegations of a municipal policy or custom. Id. The rationale behind this policy has been explained at great length by the Supreme Court:

> [I]n Monell and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal "policy" or "custom" that caused the plaintiff's injury. See Monell, 436 U.S. at 694; Pembaur, 475 U.S. at 480-481; Canton,

5

> 489 U.S. at 389. Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. . . . Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

Brown, 520 U.S. at 403-04.

Thus, municipal liability will only attach under § 1983 when "the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694. A plaintiff can establish municipal liability under § 1983 by pointing to either a policy or custom that has harmed them. Stewart v. Moll, 717 F.Supp.2d 454, 465 (E.D. Pa. 2010) ("The plaintiff must show that the municipality, through one of its policymakers, affirmatively proclaimed the policy, or acquiesced in the widespread custom, that caused the violation."). A plaintiff shows that a policy existed "when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990) (citing Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990)). A custom is established "by showing that a given course of conduct although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Id. When arguing that either custom or policy was the source of his injury, a plaintiff must show "that an official who has the power to make

policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Id.

Here, in attempting to plead a Monell claim, Mr. Kelty alleges: "the City, Giorla, Bryant, and May have implemented and maintained a policy/custom of inadequately training, supervising, and disciplining their subordinates; as well as sweeping under the rug their subordinates' misconduct towards inmates, which has been going on for years, which has caused plaintiff's state and federal constitutional rights to be violated repeatedly." See Compl. ¶ 17. These conclusory allegations are insufficient under Monell and its progeny.

In Wood v. Williams, the Third Circuit Court of Appeals affirmed the dismissal of a Monell claim because the plaintiff set forth a series of conclusory allegations that "simply paraphrased" the elements of Monell liability. 568 F.App'x 100, 102-104 (3d Cir. 2014). The Third Circuit held that such "conclusory and general" averments were "insufficient" and "failed to satisfy the 'rigorous standards of culpability and causation' required to state a claim for municipal liability." Id. at 104 (quoting McTernan v. City of York, 564 F.3d 636, 658-659 (3d Cir. 2009)).

Likewise, Mr. Kelty's vague and general allegations fail to state a claim, because averments that "amount to a mere recitation of the . . . elements required to bring forth a Monell claim . . . are insufficient to survive a motion to dismiss." See Butler v. City of Phila., No. 11-7891, 2013 U.S. Dist. LEXIS 156523, at *5 (E.D. Pa. Oct. 31, 2013). Instead, a complaint must include "specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." Torres

7

v. City of Allentown, No. 07-1934, 2008 U.S. Dist. LEXIS 50522, at *13 (E.D. Pa. June 30, 2008) (citing Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)); see also Saleem v. Sch. Dist. of Phila., No. 12-3193, 2013 U.S. Dist. LEXIS 152740, at *9 (E.D. Pa. Oct. 24, 2013) (dismissing Monell claim under Rule 12(b)(6) because plaintiff pled "the 'phraseology' of an alleged policy, practice, procedure, custom and endorsement . . . but [failed to plead] supporting facts"); Niblack v. Murray, No. 12-6910, 2013 U.S. Dist. LEXIS 114670, at *23 (D.N.J. Aug. 14, 2013) (dismissing Monell claim because "plaintiff fails to allege any facts to support his naked assertion of an unlawful municipal policy or custom").

    I also note that this Monell claim fails because it does not identify a specific policymaker involved in the formation of a custom or policy.  A complaint which neglects "to allege conduct by a municipal decisionmaker" cannot survive a motion to dismiss its Monell claim.  McTernan, 564 F.3d at 658-659; see also Rees v. Office of Children and Youth, 473 F.App'x 139, 143 (3d Cir. 2012) (holding that a complaint cannot state a Monell claim if it "fails to link the alleged offending policies or customs to anyone within [a municipality] who had policy-making authority"); Andrews v. City of Phila., 895 F.2d 1469, 1481 (3d Cir. 1990) (noting that a municipal decisionmaker in a § 1983 case must possess "final, unreviewable discretion to make a decision or take an action"); Ross v. Project H.O.M.E., No. 13-7561, 2014 U.S. Dist. LEXIS 74948, at *10 (E.D. Pa. June 2, 2014) ("A viable Monell claim requires that a plaintiff allege that a policymaker was involved in the policy or custom at issue in the case"); Davis v. City of Phila., No. 05-4571, 2009 U.S. Dist. LEXIS 70626, at *12 (E.D. Pa. Aug. 11, 2009)

(holding that a Monell claim cannot survive a motion to dismiss "without an allegation connecting a specific policymaker to the custom at issue"). Here, Mr. Kelty's complaint neither identifies a municipal policymaker nor makes any allegations about the conduct of such a policymaker, and is thus insufficient to state a Monell claim based on policy or custom.

I also note that Mr. Kelty fails to state a failure-to-train claim because his complaint does not identify prior instances of correctional officer misconduct caused by allegedly inadequate training. Although the failure of a municipality to train its employees may support a Monell claim, such a theory represents the most "tenuous" sort of municipal liability under § 1983. See Connick v. Thompson, 563 U.S. 51, 61 (2011). For instance, the complaints in Niblack and Williams v. Borough of Sharon Hill, No. 12-5395, 2013 U.S. Dist. LEXIS 125841 (E.D. Pa. Sept. 4, 2013), pleaded failure-to-train claims with similar conclusory language used by Mr. Kelty. See Williams, 2013 U.S. Dist. LEXIS 125841, at *3 (describing plaintiff's failure to train claim); Niblack, 2013 U.S. Dist. LEXIS 114670 (same). The courts dismissed these claims because the complaints relied on bald assertions and failed to identify specific instances of prior misconduct caused by the allegedly inadequate training. See Williams, 2013 U.S. Dist. LEXIS 125841, at *3 (granting a motion to dismiss with a failure-to-train claim because the complaint "does not plead any fact to suggest a pattern of similar constitutional violations by untrained employees"); Niblack, 2013 U.S. Dist. LEXIS 114670, at *9 (granting a motion to dismiss with a failure-to-train claim when plaintiff "alleged no facts concerning prior instances of police using excessive force during arrest[s]"). Here, in the

same fashion, Mr. Kelty attempts to plead a failure-to-train claim with conclusory language that neglects to allege specific instances of prior misconduct by correctional officers. See Compl. at ¶ 17.

It is apparent that Mr. Kelty's complaint against the City of Philadelphia fails to meet pleading standards. The complaint lacks actual facts that support a claim that there is a municipal policy or custom at issue. Further it does not identify a specific policymaker involved in the formation of a custom or policy. Without further factual enhancement, Mr. Kelty's allegation is simply a naked assertion that he suffered harm at the hands of the City of Philadelphia. Such a bald allegation is insufficient to state a plausible claim for relief. Accordingly, I will dismiss the City of Philadelphia as a defendant in this action.

2. Defendants Giorla, Bryant and May

In order to properly bring a claim under 42 U.S.C. § 1983 against individual defendants, a party must allege personal involvement of the defendant in the purported constitutional violation. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). As shown above, the complaint names Defendants Giorla, Bryant, and May only in vague and conclusory terms.

A plaintiff cannot sustain a § 1983 claim without averring the existence of such personal involvement. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). A complaint must include "allegations of personal direction or of actual knowledge and acquiescence," and such allegations "must be made with appropriate particularity." See id.

Here, Mr. Kelty fails to state a claim against the moving individual defendants because his complaint does not allege that they had personal involvement in any alleged wrongs giving rise to this case. Instead, he makes bald assertions that the moving individual defendants either turned a blind eye, see Compl. at ¶¶ 10, 14, or implemented and maintained a policy/custom, see Compl. at ¶ 17, without offering more. Mr. Kelty has thus rooted his claims against these defendants in a *respondeat superior* theory of liability, a theory that the Third Circuit Court of Appeals has expressly rejected in § 1983 cases. See Phelps v. Flowers, 514 F.App'x 100, 102 (3d Cir. 2013) (dismissing *pro se* claim against a warden because "liability under § 1983 cannot be premised on the theory of *respondeat superior*; instead, each individual must have personal involvement in the alleged wrongdoing"). Mr. Kelty provides no factual allegations relating to the moving defendants, or any policy, practice or custom that caused the alleged deprivation of his constitutional rights. Accordingly, I will also dismiss the moving individual defendants from this action. See Gardner v. Lanigan, No. 13-7064, 2013 U.S. Dist. LEXIS 177603, at *12 (D.N.J. Dec. 18, 2013) (dismissing *pro se* complaint because complaint lacked allegations suggesting that warden or correctional officer was personally involved in alleged actions); Stewart v. Henderson, No. 13-1465, 2013 U.S. Dist. LEXIS 163581, at *6 (D.Del. Nov. 18, 2013) (dismissing *pro se* claim against a warden because "the complaint contains no allegations that give rise to [the warden's] personal involvement with regard to plaintiff's claims"); Holmes v. Keen, No. 13-1635, 2013 U.S. Dist. LEXIS 156655, at *6 (M.D. Pa. November 1, 2013) (dismissing claim against a warden because "the plaintiff makes no allegation that [the warden] was personally involved in any of the

actions")' Miles v. City of Philadelphia, No. 11- 4040, 2011 U.S. Dist. LEXIS 107499, at *20 (E.D. Pa. Sept. 21, 2011) (citing Rode and holding that "[b]ecause plaintiff's complaint contains no factual averments against defendant Nutter, I will dismiss her claims against him"); Bush v. Dep' t of Human Servs., No. 11-2612, 2014 U.S. Dist. LEXIS 1310, at *10 (E.D. Pa. Jan. 6, 2014) (dismissing *pro se* complaint against Mayor Nutter for failure to include sufficient factual allegations).

### B. Section 1985 and Section 1986 Claims

Mr. Kelty also attempts to bring claims against all of the defendants pursuant to 42 U.S.C. §§ 1985 and 1986. To establish a claim under § 1985, a plaintiff must establish: (1) A conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. United Bhd. of Carpenters & Joiners Local 610 v. Scott, 463 U.S. 825, 828-29 (1983). Section 1986 is a companion statute to Section 1985 and provides in relevant part:

> Every person, who having knowledge that any of the wrongs conspired to be done, and mentioned in Section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be omitted, shall be liable to the party injured.

42 U.S.C. § 1986. "[I]f a plaintiff does not set forth a cause of action under § 1985, his claim under § 1986 necessarily fails as well, because 'transgressions of § 1986 by

definition depend on a preexisting violation of § 1985.'" Robison v. Canterbury Village, Inc., 848 F.2d 424, 431 n. 10 (3d Cir. 1988).

Here, not only does the word "conspiracy" not appear in Mr. Kelty's complaint, there are no allegations upon which a conspiracy among the defendants could be inferred. In short, the complaint is devoid of allegations of a conspiracy. Accordingly, I will dismiss Mr. Kelty's § 1985 and § 1986 claim against all the defendants in this action.

Further, I find that permitting amendment of the complaint in this case would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (a district court should generally provide a *pro se* plaintiff with leave to amend unless amendment would be futile). The moving defendants had no personal involvement in the alleged incidents, and because there is no vicarious liability under Section 1983, a municipality cannot be held liable solely because of the malfeasance of its employees. Moreover, the complaint fails to assert an actual policy or custom of the City. There is no reason to believe that Mr. Kelty would file a meritorious complaint against the moving defendants if given leave to amend. Thus, an amended complaint would be a waste of judicial resources and unfair to the defendants. Accordingly, I will dismiss this case against the moving defendants, and the claims brought under §§ 1985 and 1986 with prejudice.

An appropriate Order follows.