# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ORLANDO KELTY,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| vs. | : | **NO. 16-0306** |
| | : | |
| **OFFICER FREDERICK ROBINSON,** | : | |
| Defendant | : | |

# M E M O R A N D U M

**STENGEL, C. J.**                                                                                                    **January 22, 2018**

On August 2, 2017, after a three-day trial in this prisoner civil rights action, a jury returned a verdict in favor of Defendant Officer Frederick Robinson, and against Plaintiff Orlando Kelty. Defendants City of Philadelphia, Louis Giorla, Karen Bryant, Gerald May, and Officer Morman were all dismissed prior to trial. On August 18, 2017, Defendant Robinson filed a timely Bill of Costs seeking $2,777.40, to recover the cost of deposition transcripts. Mr. Kelty objected based on his financial situation and inability to pay. The City responded to his objections, arguing that there is a strong presumption in Rule 54(d)(1)[1] of the Federal Rules of Civil Procedure that costs are to be awarded to the prevailing party.

On October 27, 2017, the Clerk of Court taxed costs against Mr. Kelty in the full amount requested. Shortly thereafter, Mr. Kelty filed this motion to vacate the Clerk's

---

[1] Rule 54(d)(1) provides: "Unless a federal statute, these rules, or a court Order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The Rule limits the reimbursable costs to those enumerated in 28 U.S.C. § 1920. The Clerk of Court is charged with taxing costs under Rule 54, but "the [district] court may review the Clerk's action." Fed.R.Civ.P. 54(d)(1). A district court's review of the Clerk's determination of costs is *de novo*. In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 461 (3d Cir. 2000).

decision. The City has not responded and the time for doing so has expired. For the following reasons, I will grant the motion.

In its response to Mr. Kelty's Objections to the defendant's Bill of Costs, the City argued that the

> "vast majority of [deposition transcripts] are attributable to the manner in which Plaintiff litigated his case. Out of the seven depositions taken in this case, only the deposition of the Plaintiff, Orlando Kelty, was noticed by Defendant. The remaining six depositions were noticed by Plaintiff. The cost of Plaintiff's deposition was $381.65, while the total cost of the depositions taken at the request of the Plaintiff was $2,777.40. As Plaintiff was the clear driver of the costs in this case, he should be responsible for reimbursing Defendant for the expense of defending his highly questionable claims."

See Document #65 at 2-3. The City of Philadelphia is correct that Rule 54(d)(1) "creates the 'strong presumption' that costs are to be awarded to the prevailing party." In re Paoli, 221 F.3d at 462 (quoting 10 MOORE'S FEDERAL PRACTICE § 54.101, at 54-149 (3d ed. 1999)). A district court may consider, however, the following factors in determining whether an award of costs is inequitable: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failure to comply with process during the course of the instant litigation or the costs award proceedings; and (2) . . . the losing part[y's] *potential indigency or inability to pay the full measure of a costs award levied against [him or her]*." In re Paoli R.R. Yard PCB Litig., 221 F.3d at 468 (emphasis added). On the other hand, a district court may not consider "(1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to

2

reduce costs); (2) the complexity or closeness of the issues-in and of themselves-in the underlying litigation; or (3) *the relative disparities in wealth between the parties*." In re Paoli, 221 F.3d at 468 (emphasis added); see also Reger v. Nemours Found., Inc., 599 F.3d 285, 289 (3d Cir. 2010) (A party's relative ability to pay may not be considered when determining whether to tax costs under Rule 54(d)).

Mr. Kelty is not asking that I consider the relative disparities in wealth between the parties. Instead, he asks that I consider his indigence and complete lack of ability to pay these costs. That distinction makes all the difference to the outcome here. "[I]f a party is indigent or unable to pay the full measure of costs, a district court may, but need not automatically, exempt the losing party from paying costs." In re Paoli R.R. Yard PCB Litig., 221 F.3d at 464 (citing Smith, 47 F.3d at 99).

Mr. Kelty requests that I exercise my discretion to not tax costs against him because he is indigent and unable to pay. In support of that request, he submitted the declaration he filed on September 8, 2017, in objection to the City's Bill of Costs. See Document 67, Exhibit B. The declaration states that he is not currently "formally employed," but makes approximately $400 to $500 per month performing odd jobs for friends and family. He lives with his girlfriend who supports him although he contributes what he can from his income. Mr. Kelty also averred that he has searched, and continues to search for jobs in warehousing and/or in delivery, but has been unsuccessful. He has a bank account with a balance of less than $100, but no other significant assets. In short, Mr. Kelty is indigent.

Although the costs of deposition transcripts may be assessed against Mr. Kelty under 28 U.S.C. § 1920, considerations of fairness and common sense weigh against the taxation of costs. Mr. Kelty believed that he had legitimate claims against the defendants, and that his civil rights had been violated. As is his right to do as a citizen, he brought a Section 1983 action against the defendants in this court in an effort to vindicate his rights. After a fair trial, the jury gave careful consideration to the evidence presented, ultimately found that Mr. Kelty did not prove the required elements, and returned a verdict in favor of Officer Robinson.

Further, if I were to deny Mr. Kelty's motion to vacate, I would be concerned that Mr. Kelty, or anyone associated with this case, might reasonably consider this assessment of costs a "penalty" for pursuing his civil rights claim all the way though verdict. The assessed costs should not discourage or limit the ability of a plaintiff to bring a suit. See In re Paoli, 221 F.3d at 462 (noting the "indigency or inability to pay factor" "is 'founded on the egalitarian concept of providing relatively easy access to the courts to all citizens and reducing the threat of liability for litigation expenses as an obstacle to the commencement of a lawsuit or the assertion of a defense that might have some merit.'")

Mr. Kelty is an indigent man with no real or steady income. Accordingly, because he does not have the means to pay an award of costs, I will grant his motion to vacate the Clerk of Court's taxation of costs.

An appropriate Order follows.